**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy Boone Gardner,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-01477-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the appeal of Plaintiff Troy Boone Gardner, which challenges the Social Security Administration's decision to deny benefits. (Doc. 19). For the reasons set forth below, the Court vacates that decision and remands for further consideration.

**I.    BACKGROUND**

    **A. Factual Overview**

Gardner was born in 1972 and has a history of work as a mortgage planner and mortgage branch manager. (AR 56). Gardner filed his social security claim on November 14, 2016, alleging disability due to chronic pain in his back, hips, and feet. (AR 17).

After an administrative hearing held on July 11, 2019, (AR 31), an ALJ issued a written decision on July 30, 2019, finding Plaintiff not disabled. (AR 14–30). The Appeals Council denied review on December 10, 2018, making the ALJ's decision the final decision of the Commissioner. (AR 1–6).

Gardner appeals the decision of the Social Security Commissioner

("Commissioner") denying his application for social security disability benefits. The Commissioner, upon review of the record, concedes that the ALJ erred in evaluating Gardner's application. The only issue in dispute is whether the Court should remand for further proceedings or for an award of benefits.

Gardner argues that this Court should credit-as-true the testimony of the medical providers, and the Court should remand for an award of benefits. (Doc. 14 at 22–24). The Commissioner argues that a remand for benefits is inappropriate here as the record raises serious doubt about Plaintiff's disability. (Doc. 19 at 19).

## B. The SSA's Five-Step Evaluation Process

A claimant must show he "is under a disability" to qualify for disability insurance benefits. 42 U.S.C. § 423(a)(1)(E). The claimant is disabled if he suffers from a medically determinable physical or mental impairment that prevents him from engaging in any "substantial gainful activity." Id. § 423(d)(1)–(2). The Social Security Administration has created a five-step process for an ALJ to determine whether the claimant is disabled. 20 C.F.R. § 404.1420(a)(1). Each step can be dispositive. *See id.* § 404.1420(a)(4). "The burden of proof is on the claimant at steps one through four," and the burden shifts to the Commissioner at step five. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

At step one, the ALJ examines whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If not, then the ALJ proceeds to step two. At step two, the ALJ considers whether the claimant has a physical or mental impairment or a combination of impairments that are "severe." *Id.* § 404.1520(a)(4)(ii). If the ALJ finds that there is severe impairment, then the ALJ proceeds to step three to determine whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ must assess the claimant's "residual functional capacity" ("RFC") before proceeding to step four. *Id.* § 404.1520(a)(4). The RFC is the most a claimant "can still do despite [her] limitations."

*Id.* § 404.1545(a)(1). At step four, the ALJ determines whether the claimant can still do "past relevant work" in light of the claimant's RFC. *Id.* § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the final step and examines whether the claimant "can make an adjustment to other work" considering the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If an adjustment can be made, the claimant is not disabled. *Id.*

### C. The ALJ's Decision

The ALJ determined that Gardner was not disabled and denied Gardner social security benefits. (AR 14–25). After finding that Gardner was not engaged in substantial gainful activity since August 1, 2012, at step one, the ALJ determined, at step two, that Gardner had severe physical impairments. (AR 19). At step three, the ALJ concluded that Gardner's impairments, singularly or in combination, did not "meet[] or medically equal[] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (*Id.*). Accordingly, the ALJ conducted an RFC analysis and found that Gardner could perform "sedentary work." (*Id.* at 20). At step four, the ALJ determined that Gardner could perform his past work and was not disabled. (*Id.* at 24–25).

## II.   LEGAL STANDARD

The ALJ's decision to deny disability benefits may be overturned "only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990)).

"The inquiry here is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984) (citation omitted). "Where evidence is

1 susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld; and in reaching his findings, the ALJ is entitled to draw inferences logically flowing from the evidence." *Id.* (citations omitted); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This is because "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see Benton*, 331 F.3d at 1035 ("If the evidence can support either outcome, the Commissioner's decision must be upheld.").

The ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the whole record before the Court, substantial evidence supports the ALJ's decision, the Court must affirm it. *See Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989); *see also* 42 U.S.C. § 405(g). On the other hand, the Court "may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted). The Court is not charged with reviewing the evidence and making its own judgment as to whether Gardner is or is not disabled. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Rather, the Court's inquiry is constrained to the reasons asserted by the ALJ and the evidence relied upon in support of those reasons. *See id.*

**III. ANALYSIS**

Gardner alleges that the ALJ erred in rejecting the opinions of Drs. Datta, Beecroft, and Palmer without providing specific and legitimate reasons for doing so. (Doc. 14 at 1). Gardner also argues that the ALJ erred in rejecting Gardner's symptom testimony and in rejecting lay witness testimony. (*Id.*). Finally, Gardner asserts that the ALJ's step-five finding was not supported by the evidence. (*Id.* at 2).

The Commissioner agrees that the ALJ erred in discounting the weight of medical opinions regarding Gardner's physical impairments without providing specific and

legitimate reasons. (Doc. 19 at 7). The Commissioner requests that the Court remand this matter to the agency for further proceedings. (*Id.* at 2). Gardner, however, argues that the appropriate action is for the Court to remand for an immediate award of benefits. (Doc. 14 at 14).

### A. The Opinions of Drs. Datta, Beecroft, and Palmer

The Court agrees with the parties that the ALJ erred in rejecting medical opinions regarding Gardner's physical impairments. While the ALJ provided reasons for the weight he gave to the medical opinions regarding Gardner's mental health, he failed to do the same for Gardner's physical impairments. Thus, the ALJ failed to provide specific and legitimate reasons for assigning little weight to the opinions of Drs. Datta, Beecroft, and Palmer, regarding physical limitations. The Court will vacate the ALJ's decision on this ground.

### B. Plaintiff's Symptom Testimony

Gardner further argues that the ALJ improperly rejected Gardner's symptom testimony. (Doc. 14 at 16). The ALJ determined that Gardner's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Gardner's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 21).

#### 1. Legal Standard

The Ninth Circuit has established a two-step analysis for an ALJ to determine whether to credit a Plaintiff's subjective symptom testimony. "First, the ALJ must determine whether the Plaintiff has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). If the Plaintiff presents such evidence, the ALJ then evaluates the Plaintiff's subjective complaints. *See id.* "In evaluating the credibility of pain testimony after a Plaintiff produces objective medical

evidence of an underlying impairment, an ALJ may not reject a Plaintiff's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Instead, an ALJ must provide "specific, clear, and convincing reasons" for doing so. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

In rendering a credibility determination, the ALJ may consider several factors, including: "(1) ordinary techniques of credibility evaluation, such as the Plaintiff's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the Plaintiff that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the Plaintiff's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). If the ALJ relies on these factors and her reliance is supported by substantial evidence, the Court "may not engage in second guessing." *Id.* (quoting *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

2. Discussion

The ALJ determined that the medical and other evidence conflicted with Gardner's symptom testimony. After consideration, the Court finds that the ALJ did not err in discounting Gardner's symptom allegations.

The ALJ looked at Plaintiff's symptom testimony and compared it to the objective medical evidence. (AR 21). He relied on objective findings such as diagnostic images and physical examinations of the foot and spine to conclude that Gardner's testimony was inconsistent with the objective evidence. (*Id.*).

The ALJ also found that Gardner's symptom testimony was inconsistent with the evidence of Gardner's improvement through treatment. (*Id.*). The ALJ compared treating notes from October 2012 through September 2013 to assess whether treatment helped. (*Id.*). The ALJ further pointed to treatment notes on Plaintiff's back which indicated that conservative treatment effectively managed his symptoms. (AR 22). Moreover, the ALJ

found that the lack of documentation suggesting Gardner was in acute distress suggested his symptoms were effectively managed. (AR 22).

Finally, the ALJ found that Gardner's activities of daily living were inconsistent with a finding of disability. (*Id.*). Gardner's activities included shopping alone, performing personal care, teaching a weekly Sunday school class, attending church, eating out, preparing meals, and sitting through movies. (*Id.* citing AR 193–95). Given this activity level, the ALJ found that Gardner's RFC was supported.

The ALJ provided specific, clear, and convincing reasons supported by substantial evidence to reject Gardner's subjective symptom testimony.

**C. Lay Witness Testimony**

Gardner additionally argues that the ALJ erred in rejecting lay witness testimony. (Doc. 14 at 20). The testimony at issue was given by Gardner's wife, daughters, and pastor. (*Id.* at 21). The ALJ found that the "reports were generally consistent with claimant's allegations and based on the observations of each party." (AR 24). But the ALJ further found that these observations were not based on "objective medical records." (*Id.*).

"Competent lay witness testimony cannot be disregarded without comment, and in order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015) (internal quotation marks and alterations omitted) (citing *Molina*, 674 F.3d at 1114). The ALJ, however, need not "discuss every witness's testimony on a [sic] individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina*, 674 F.3d at 1114.

Here, the ALJ cited the lay opinions and rejected the testimony that was not supported by the medical record. (AR 24). Lack of record support is an appropriate ground on which to reject the testimony of a lay witness. *See McGraw v. Saul*, 817 F. App'x 415, 417 (9th Cir. 2020) (holding it was appropriate to reject lay testimony, in

- 7 -

part, because it was inconsistent with medical evidence in the record); *Shultes v. Berryhill*, 758 F. App'x 589, 593 (9th Cir. 2018) (same). Because the observations were based on casual observation and not objective medical records, the ALJ rejected the lay witness testimony. The ALJ did not err in doing so.

### D. ALJ's Step-Five Finding

Gardner argues that the ALJ's step-five finding is not supported by substantial evidence. (Doc. 14 at 22). Specifically, Gardner contends that the "ALJ omitted the limitations described by Dr. Datta, Dr. Beecroft, and Dr. Palmer, the limitations described by Gardner and his family and friend," and the vocational expert's (VE) testimony has no evidentiary value. (*Id.*). The Commissioner argues that this claim "essentially rehashes" the argument that the ALJ improperly rejected the medical opinions. (Doc. 19 at 19).

An ALJ may rely on the testimony of a VE at step five. 20 C.F.R. §§ 404.1566, 416.966. However, an ALJ may rely on a VE's testimony only where such testimony is based on a hypothetical that "contain[s] all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Where an ALJ's hypothetical is based on a residual functional capacity assessment that does not include some of the claimant's limitations, the VE's testimony "has no evidentiary value." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

While the Commissioner is correct that Gardner's argument is premised on a previous argument, the ALJ's errors go directly to evaluating whether the ALJ erred in the step-five finding. Additionally, the case cited by the government, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008), does not support its claim that restating the argument "does not establish that the Commissioner's step five determinations are incorrect." (Doc. 19 at 19). In *Stubbs-Danielson*, the Court already found that the ALJ did not err in discounting the testimony of medical experts. 539 F.3d at 1175–76. Because plaintiff's step five argument was premised on the ALJ's alleged err in discounting medical opinion testimony, the court concluded that argument also failed. *Id.*

Here, the opposite is true. Both parties and the Court have found that the ALJ did err in weighing the medical opinions. Given the ALJ's errors, the VE's opinion in the case lacks evidentiary value because it fails to account for all of Gardner's limitations. *Carmickle*, 533 F.3d at 1166; *see also Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014) (explaining that an ALJ's RFC determination is flawed where the ALJ improperly discounted medical evidence and therefore the reliance on the corresponding VE opinion was error). Accordingly, the ALJ's step five finding is not supported by substantial evidence and this case must be remanded.

## IV. REMEDY

The parties agree that remand is appropriate in this case. They disagree, however, on whether this Court should remand the matter for a finding of disability and award of benefits, or for further administrative proceedings.

### A. Legal Standard

This Court has the discretion to remand this case for the ALJ to further develop the record or to award benefits to Plaintiff. *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). Ordinarily, where an ALJ errs in denying benefits, the Court remands for further proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014). In rare circumstances, a district court has the discretion to award benefits only when "the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). A remand for award of benefits is appropriate where:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). If all three factors are met, the Court has the discretion to remand for an award of benefits. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

Ninth Circuit precedent "foreclose[s] the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis." *Id.* at 1021; *see also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Therefore, "where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the [improperly discredited evidence] were credited," a reviewing court "will not remand solely to allow the ALJ to make specific findings regarding that [evidence]." *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988).

Nonetheless, any "significant factual conflict in the record . . . should be resolved through further proceedings on an open record before a proper disability determination can be made." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495–96 (9th Cir. 2015); *Treichler*, 775 F.3d at 1101 ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."). Courts must "assess whether there are outstanding issues requiring resolution before considering whether to hold that the claimant's testimony is credible as a matter of law." *Id.* at 1105. In *Brown-Hunter*, the Ninth Circuit determined that a remand for benefits was inappropriate where medical records undermined the claimant's allegations that her pain was debilitating. 806 F.3d at 496 ("do create a significant factual conflict in the record that should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance.").

**B. Discussion**

Here, the parties agree that the first element has been satisfied. As discussed above, the ALJ erred in discounting the weight of medical opinions regarding Gardner's physical impairments without providing any good reasons. (Doc. 19 at 7).

But the parties disagree on whether the other two elements are satisfied. Gardner argues that the record is fully developed and that the medical opinions establish that Gardner is disabled. (Doc. 14 at 23). The Commissioner argues further proceedings

would be helpful to resolve the conflicts between medical opinions. (Doc. 19 at 20).

After consideration, the Court finds that the second prong of the credit-as-true rule is not satisfied because the record contains ambiguities that must be resolved on remand. There are still ambiguities to be resolved in this case, most importantly reconciling the competing medical opinions on the record and determining what true limitations are caused by Gardner's physical and mental impairments.

While Gardner alleges that he could not sustain full-time employment, two reviewing physicians found that Gardner could work given some limitations. (AR 65–67). Moreover, Gardner continued to perform daily activities with some level of underlying pain. (AR 22). He was also able to attend college, obtain a bachelor's degree, and teach a class during the period of alleged disability. (AR 19, 23).

Because there are outstanding inconsistencies that further administrative proceedings would help resolve, the Court cannot proceed to step three and deem the opinions of Drs. Datta, Beecroft, and Palmer to be true. *See Dominguez v. Colvin*, 808 F.3d 403, 410 (9th Cir. 2016); *Murillo v. Colvin*, No. 15-CV-01325-JSC, 2016 WL 777793, at *24 (N.D. Cal. Feb. 29, 2016). Rather, the Court must remand for further proceedings. *Dominguez*, 808 F.3d at 409 (holding that the erroneously weighted opinions of plaintiff's treating physician could not be credited as true, in part, because they conflicted with treating physician's notes and the opinions of non-examining physicians); *Bryant v. Colvin*, No. 15-CV-02982-JSC, 2016 U.S. Dist. LEXIS 80706, 2016 WL 3405442, at *26 (N.D. Cal. June 21, 2016) (holding that the improperly weighted opinions of plaintiff's treating and examining physicians could not be credited as true because the entire record left open the question of plaintiff's exact disability status and because of inconsistences among physicians); *Murillo*, 2016 WL 777793, at *24 (holding erroneously weighted opinions of examining physicians would not be credited as true because of inconsistencies in the record).

V.   **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Commissioner's Motion to Remand (Doc. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the ALJ's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 26th day of January, 2022.

James A. Teilborg
Senior United States District Judge