**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy Boone Gardner,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-01477-PHX-JAT<br><br>**ORDER** |

Pending before the Court is a stipulation of the parties that Plaintiff be awarded attorney's fees under the Equal Access to Justice Act ("EAJA"). In the stipulation, the Government states: "This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise." (Doc. 23 at 2).

The Ninth Circuit Court of Appeals has explained:

> Pursuant to the EAJA, we are required to award [Plaintiff] fees and other expenses incurred in connection with his civil action unless we find that the position of the United States was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).
>
> The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact—that is, whether it was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *see also Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). The burden is on the Secretary to prove that his position was substantially justified. *Id.*

*Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991).

The Government's failure to oppose fees, but simultaneously disclaim that it owes

fees under the EAJA, puts the Court in a difficult position. The parties agreed that this case should be remanded (Doc. 21 at 9); thus, the Court never evaluated whether the Commissioner's original decision was substantially justified.

Nonetheless, applying the test as articulated in *Russell*, the Court finds that the Government has failed to prove that its position was substantially justified or that special circumstances make an award unjust. 930 F.2d at 1445; *see also Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020). Additionally, the parties have effectively stipulated that Plaintiff is the prevailing party. Finally, the parties have stipulated that the requested fees and costs are reasonable.

Accordingly, the Court finds that Plaintiff is entitled to EAJA fees. Therefore,

**IT IS ORDERED** granting the stipulation (Doc. 23) such that fees in the amount of $3,842.32 as authorized by 28 U.S.C. § 2412, and costs in the amount of $400.00 as authorized by 28 U.S.C. § 1920 are awarded subject to the terms of the Stipulation.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines upon effectuation of this Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the check for the fees awarded herein will be made payable to Plaintiff's attorney.[1]  However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 12th day of May, 2022.

James A. Teilborg
Senior United States District Judge

---

[1] The Court has accepted Plaintiff's counsel's representation that the client signed an assignment (*see* Doc. 23 at 2, ll. 13-14). A copy of the assignment was not filed.