**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy Boone Gardner, | No. CV-20-01477-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Troy Gardner's ("Plaintiff") counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1). (Doc. 25). The Commissioner of Social Security Administration ("Defendant" or "SSA") filed a response offering an analysis to assist the Court. (Doc. 26). The Court now rules.

**I.   BACKGROUND**

Following denials at the administrative level, Plaintiff filed this action seeking judicial review of the SSA's decision. (Doc. 1). After the parties submitted briefing, (Doc. 14; Doc. 19; Doc. 20), the Court entered an order reversing the ALJ's decision and remanding this matter for further administrative proceedings, and the Clerk of the Court entered judgment in this case, (Doc. 22). On Plaintiff's motion, the Court awarded Plaintiff $3,842.32 in attorney fees and $400.00 in costs under the Equal Access to Justice Act ("EAJA"). (Doc. 23; Doc. 24). On remand, an ALJ issued a fully favorable disability decision, finding Plaintiff disabled as of August 1, 2012. (*See* Doc. 25-1 at 3). Thereafter, the Commissioner issued a Notice of Award indicating that Plaintiff's total past-due

1 benefits amounted to $246,931.00 and stating that $61,732.75 had been withheld for
2 payment of attorney fees. (*See id.* at 4) (stating that the Commissioner "usually withhold[s]
3 25 percent of past due benefits," and had withheld $61,732.75).

4 Plaintiff's counsel now seeks a fee award of $20,145.00 pursuant to 42 U.S.C. §
5 406(b). (Doc. 25 at 3).

## II.  DISCUSSION

A court entering judgment in favor of a social security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Although "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court of the United States has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may take a downward departure from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. A court can also "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). "Because the SSA has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee agreement, the character of the attorney's representation, and the result achieved. *Gisbrecht*, 535 U.S. at 808. Courts may also consider the number of hours spent representing the claimant and the lawyer's normal hourly billing rate for non-contingent-fee cases, but this information does not control the reasonableness determination. *Id.* at 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller

fee." *Id.* at 796 (citation omitted).

Applying the *Gisbrecht* factors, the fee requested is reasonable here. Plaintiff contracted to pay 25 percent of the past-due benefits on a contingent fee basis for work performed by Plaintiff's counsel in this action, and the fee requested in fact is less than 25 percent of the past-due benefits. (Doc. 25-3 at 1; Doc. 25 at 3). Plaintiff's counsel's itemization of services indicates 23.7 hours of services rendered. (Doc. 25-2 at 1). Plaintiff's counsel requests an hourly rate of $850.00 per hour. (Doc. 25 at 2). This amount is in line with effective hourly rates previously approved by the Ninth Circuit Court of Appeals. *See Young v. Colvin*, No. CV-11-538-PHX-SMM, 2014 WL 590335, at *2 (D. Ariz. Feb. 14, 2014) (citing *Crawford*, 586 F.3d at 1153) (noting approval of effective hourly rates of $519, $875, and $902). Moreover, Plaintiff's counsel has represented to the Court that she has practiced in the area of Social Security Disability law since 2010 and has handled more than 1,500 such cases, among other indicators of Plaintiff's counsel's extensive experience in the area of Social Security Disability law. (Doc. 25 at 2–3).

On the instant record, there is no indication of any substandard performance by Plaintiff's counsel. There is also no indication of substandard performance or undue delay in prosecuting Plaintiff's case. Indeed, through Plaintiff's counsel's efforts, Plaintiff was awarded all benefits for which Plaintiff applied. Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $20,145.00 is reasonable and will approve an award in this amount. Because Plaintiff's counsel "must refund to the claimant the amount of the smaller fee," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the $3,842.32 EAJA award to Plaintiff upon Plaintiff's counsel's receipt of the attorney fees awarded by this Order.

///

///

///

///

### III. CONCLUSION

Therefore,

**IT IS ORDERED** that Plaintiff's counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b)(1), (Doc. 25), is **GRANTED** in the amount of $20,145.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA, in the amount of $3,842.32.

Dated this 22nd day of April, 2024.

James A. Teilborg
Senior United States District Judge